(27 App. Div. 136.)

VAN ORDEN v. VAN ORDEN.

(Supreme Court, Appellate Division, First Department. March 11, 1898.)

APPEAL—APPLICATION FOR STAY.

> While the right of a court to refuse to entertain an application of a party to a civil action, whether in the nature of an appeal from a judgment or an application to the court for the enforcement of his right, when he is in contempt and refuses to submit to the jurisdiction of the court, is well settled, except where the order adjudging him in contempt is sought to be reviewed, yet the orderly administration of justice requires that an application for a stay of proceedings upon an appeal should be made to the court in which the appeal is pending, and not to the court from which the appeal is taken.

Appeal from special term.

Action by Margaret J. Van Orden against John M. Van Orden. From an order staying defendant's appeal from a judgment of the supreme court, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Thomas A. Atchinson, for appellant.
George Hahn, for respondent.

INGRAHAM, J. The order appealed from stays the defendant's appeal from a judgment of a separation and requiring the defendant to pay alimony and counsel fee, upon the ground that the defendant, since the entry of the judgment and service of it upon him, has removed himself and property from this state, has refused to comply with the judgment as to the payment of alimony and counsel fee, and is thus in contempt. The right of a court to refuse to entertain an application of a party to a civil action, whether in the nature of an appeal from a judgment or an application to the court for the enforcement of his right, when he is in contempt and refuses to submit to the

jurisdiction of the court, except where the order adjudging him in contempt is sought to be reviewed, is well settled, and we should not be disposed to interfere with this order if its effect had merely been to restrain the proceedings of the defendant in the court below. The question, however, as to whether or not a court will entertain the application of a party to an action is one that must be determined by the court in which the proceeding is pending, and we think the orderly administration of justice requires that an application for a stay of proceedings upon an appeal should be made to the court in which the appeal is pending, and not to the court from which the appeal is taken. Upon an appeal taken to this court, the proceedings relating to such appeal must be determined by this court, and this court must determine whether or not it will hear the appeal. Under no circumstances can the regularity of the appeal, or the right of the appellant to prosecute it, be determined by the court from which the appeal is taken. To recognize such practice would enable a court entering a judgment or order to prevent the party aggrieved from reviewing the proceeding which has resulted in such judgment or order.

For this reason, therefore, we think the court below should not have entertained the application, and that the order appealed from should be reversed, with $10 costs and disbursements, and the motion for a stay of proceedings denied, without prejudice to an application to this court to postpone the hearing of the appeal until the defendant subjects himself to the jurisdiction of the court. All concur.