### STERN v. BARRETT CHEMICAL CO.

(Supreme Court, Appellate Division, First Department.  February 7, 1908.)

APPEAL—STAY OF PROCEEDINGS—RIGHT TO GRANT—POWERS OF PARTICULAR COURTS.

  Under Const. art. 6, § 5, and Code Civ. Proc. §§ 1310, 1343, 1344, 3188, 3192, 3194, regulating appeals from the City Court of the city of New York, and providing for the hearing of such appeals by justices of the Supreme Court designated for that purpose, who, by direction of the appellate division constitute the Appellate Term of the Supreme Court, and further providing for allowance of appeals from determinations of the Appellate Term to the Appellate Division, a Special Term of the Supreme Court has no power to stay upon motion a judgment regularly entered in the City Court and affirmed by the Appellate Term, the judgment of affirmance having been entered in the City Court.

Appeal from Special Term.

Action by Julius Stern against the Barrett Chemical Company.  A judgment of the City Court of the city of New York for plaintiff was affirmed on appeal by the Appellate Term, and the remittitur filed in the office of the clerk of the City Court and judgment of affirmance entered in that court.  From an order of the Special Term of the Supreme Court staying proceedings on the judgment of the City Court, pending application for leave to appeal from the determination of the Appellate Term to the Appellate Division, plaintiff appeals.  Reversed, and motion for stay denied.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Arthur Furber, for appellant.
Williams S. Beaman, for respondent.

INGRAHAM, J.  This action was commenced in the City Court, and resulted in a judgment in favor of the plaintiff.  From that judgment the defendant appealed to the Appellate Term.  On the 12th of December, 1907, the judgment of the City Court was affirmed.  On the 14th of December, 1907, the remittitur from the Appellate Term was filed in the office of the clerk of the City Court, and an order was entered making the judgment of the Appellate Term the judgment of the City Court, and on the 16th of December, 1907, judgment was entered in the City Court affirming the judgment of the Appellate Term.  Subsequently, and on the 19th of December, 1907, the defendant obtained an order requiring the plaintiff to show cause at a Special Term of the Supreme Court to be held in the county courthouse on the 23d day of December "why all proceedings upon the judgment entered in the above-entitled action, in the office of the clerk of the City Court of the city of New York, on the 29th day of May, 1907, and on the judgment of affirmance entered in said action in said clerk's

office on the 16th day of December, 1907, should not be stayed until the hearing and determination of said application for leave to appeal to the Appellate Division, and until (in case said application be granted) the hearing and determination of said appeal by the Appellate Division," and staying proceedings to enforce the judgment in the meantime. This motion came on to be heard at Special Term, and on the 27th of December, 1907, an order was entered granting the application and staying the proceedings to enforce the judgment of the City Court, as asked for in the order to show cause. From that judgment the plaintiff appeals; and the only question presented is whether a Special Term of the Supreme Court had power to stay upon motion in the action a judgment regularly entered in the City Court, the appeal from which judgment had been affirmed by the Appellate Term and judgment of affirmance entered in the City Court.

Appeals from judgments of the City Court are regulated by section 5, art. 6, Const., which provides that:

"Appeals from inferior and local courts now heard in the Court of Common Pleas for the city and county of New York and the Superior Court of Buffalo, shall be heard in the Supreme Court in such manner and by such justice or justices as the Appellate Divisions in the respective departments which include New York and Buffalo shall direct, unless otherwise provided by the Legislature."

Section 3188 of the Code of Civil Procedure provides that an appeal to the Supreme Court may be taken from a final or interlocutory judgment rendered in the City Court of the city of New York in a case where an appeal may be taken to the Appellate Division of the Supreme Court on a final or interlocutory judgment rendered in the Supreme Court. Section 3194 of the Code provides that the judgment or order of the Appellate Court must be remitted to the court below to be enforced according to law. Section 3192 of the Code provides that titles first, third, and fourth of chapter twelfth, of this act, so far as the same are applicable thereto, apply to and govern an appeal to the Supreme Court from the City Court. Title 1 of chapter 12 contains general provisions relating to appeals provided for in the chapter. Section 1310 of that title provides that "Where an appeal to the General Term of any court or to the Appellate Division of the Supreme Court or to the Court of Appeals or otherwise has been heretofore or shall hereafter be perfected, as prescribed in this chapter, and the other acts, if any, required to be done to stay the execution of the judgment or order appealed from, have been done, the appeal stays all proceedings to enforce the judgment or order appealed from; that in a case specified in subdivision 2 of section 191 of the Code of Civil Procedure a party aggrieved upon presenting to the court proof by affidavit that he intends to apply to the Appellate Division rendering such decision for leave to appeal to the Court of Appeals, and, in case such Appellate Division shall refuse such leave, then that such party intends to apply to a judge of the Court of Appeals to be allowed to appeal to said Court of Appeals, and proof that an undertaking given as prescribed in this chapter has been filed with the clerk with whom the judgment appealed from is entered shall be entitled to an order staying all proceedings to enforce such judgment until the granting or

refusing of such leave to appeal by such Appellate Division or a judge of the Court of Appeals. This provision contemplates an order of the court in which the action is pending, but power to any court under this provision to stay proceedings for the enforcement of judgment is limited to a case where the undertaking on appeal sufficient to stay the execution of the judgment had been filed and approved. Title 3 of chapter 12 applies to appeals to the Supreme Court from an inferior court. Section 1343 of that title provides:

"Security is not required to perfect it [an appeal]; but it does not stay the execution of the order from which it is taken. The Appellate Court, or a judge thereof, may direct such a stay, upon such terms, as to security or otherwise, as justice requires."

Section 1344 of the Code provides:

"An appeal taken as prescribed in this title, must be heard by the Appellate Division of the Supreme Court except that appeals from the judgment of any municipal court in either of the boroughs of Manhattan or the Bronx in the city of New York or from a judgment or order of the City Court in the city of New York, may be heard by the Appellate Division of the Supreme Court, or by such justice or justices of the Supreme Court as may be designated for that purpose by the justices of the Appellate Division sitting in the First Judicial Department. In case an appeal is heard by a justice or justices of the Supreme Court as hereinbefore provided, the justice or justices by whom such judicial appeal was determined or a justice of the Appellate Division in the First Judicial Department may allow an appeal to be taken to such Appellate Division from such determination."

And title 4 of chapter 12 applies to appeals to the Appellate Division of the Supreme Court from a judgment or order of the Supreme Court. Under the authority contained in these provisions of the Constitution and the Code of Civil Procedure, the Appellate Division of the Supreme Court in the First Judicial Department has directed that there should be a term of the Supreme Court for the hearing of appeals from the City Court and the Municipal Court of the city of New York, to be heard by three justices of the Supreme Court assigned thereto which shall be known as the Appellate Term. See rules for the regulations for the hearing of appeals from the City Court of the city of New York and from the Municipal Court in the boroughs of Manhattan and the Bronx.

From an examination of these provisions, it would appear that the only jurisdiction that the Supreme Court has in relation to appeals from judgment of the City Court is that the justices designated for that purpose by the Appellate Division shall hear and decide the appeals. Under section 1344 of the Code of Civil Procedure an appeal from the City Court may be heard by the Appellate Division of the Supreme Court or by such justice or justices of the Supreme Court as may be designated for that purpose by the justices of the Appellate Division sitting in the First Judicial Department. And the only justice who can allow an appeal to the Appellate Division from a determination made by such justice or justices is the justice or justices by whom the appeal was determined or by a justice of the Appellate Division in the First Judicial Department. When such an appeal has been heard and decided, and the proceedings remitted to the City Court, the Supreme Court has no further jurisdiction in the action, except

that the justice or justices who determined the appeal, or a justice of the Appellate Division in the First Judicial Department, may allow an appeal to the Appellate Division. No justice of the Supreme Court and no Special Term of the Supreme Court except a justice who is authorized to allow an appeal has any jurisdiction to make any order in the action pending in the City Court. I think a justice of the Appellate Term who has power to allow an appeal could stay proceedings pending an application to the Appellate Term of which he was a member to allow an appeal, or a justice of the Appellate Division could stay such proceedings pending an application to a justice of the Appellate Division for such permission, as such a stay would be an incident to the allowing of the appeal and essential to make the application effective. But I can find no provision that confers upon the Special Term of the Supreme Court power to make such an order or to interfere with the orderly enforcement of judgments and orders of the City Court. It is quite unnecessary to burden the Special Term with motions of this character. Where application for leave to appeal has been made, if made to the Appellate Term justices, those justices have power to stay the enforcement of the judgment pending the application. If the application is to be made before a justice of the Appellate Division, a justice of the Appellate Division before whom the application is pending may stay the enforcement of the judgment until the application can be disposed of. The Special Term of the Supreme Court has no jurisdiction either to entertain the application for leave to appeal, or to make any order in the action pending in the City Court; and the orderly transaction of business requires that such applications not being at all necessary for the protection of parties should not be encouraged.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion for a stay denied, with $10 costs. All concur.