PEOPLE ex rel. JOLINE et al. v. WILLCOX et al., Public Service Commissioners.

PEOPLE ex rel. CENTRAL PARK, N. & E. R. R. CO. v. SAME.

(Supreme Court, Appellate Division, First Department. December 18, 1908.)

1. CERTIORARI (§ 60*)—VACATION OF WRIT—MOTION—WHERE PROPERLY MADE.

Under Code Civ. Proc. § 1348, authorizing the Appellate Division to vacate any order made by a justice of the Supreme Court, or by the court without notice, a motion to vacate an order of the Special Term directing the issuance of a writ of certiorari is properly made in the first instance to the Appellate Division, notwithstanding section 2138, limiting the power of the Appellate Division respecting hearings on such writs.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 156; Dec. Dig. § 60.*]

2. CERTIORARI (§ 1*)—COMMON-LAW WRIT—NATURE.

The common-law writ of certiorari can only be issued to review judicial or quasi judicial acts, not extending to purely executive, legislative, administrative, or ministerial acts.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 1; Dec. Dig. § 1.*]

3. CERTIORARI (§ 21*)—JUDICIAL ACTS—PUBLIC SERVICE COMMISSION.

Action by the Public Service Commission, establishing a through route for the transportation of passengers over two independent street railway lines, and establishing and apportioning a joint fare, as authorized by Laws 1907, p. 917, c. 429, § 49, was judicial or quasi judicial, making certiorari a proper remedy for a review of such action.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 34; Dec. Dig. § 21.*]

Certiorari by the People of the State of New York, on the relation of Adrian H. Joline and another, receivers of the Metropolitan Street Railway Company, and on the relation of Central Park, North & East River Railroad Company, to review action by William R. Willcox and others, Public Service Commissioners. Respondents move to vacate the order of the Special Term directing writs to issue, and move to supersede or quash the writs. Motions denied.

Argued before PATTERSON, P. J., and McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Robert C. Beatty, for relators.
Oliver C. Semple, for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PATTERSON, P. J. The commissioners, constituting the Public Service Commission of the state of New York for the First district, have moved this court to quash or vacate a writ of certiorari issued out of the Supreme Court to review the action of the commission, which by an order made, as would appear, on the 30th day of October, 1908, established a through route for the transportation of passengers over a line of street railway operated by Messrs. Joline and Robinson, as receivers of the Metropolitan Street Railway Company, and a line of street railway operated by the Central Park, North & East River Railroad Company, two independent street railway corporations, and also established a joint fare for passengers upon such lines and apportioned it between the said corporations. Subsequently, and after a rehearing, the Public Service Commission made another order, apparently on the 11th day of November, 1908, by which they affirmed the order of October 30, 1908, except as to one provision not material to the present inquiry. The writ of cer-tiorari was issued on the 12th of November, 1908, and thereupon the commission made this motion, under section 1348 of the Code of Civil Procedure, to vacate the writ.

That section provides, among other things, as follows:

"The Appellate Division shall have power to vacate or modify, without notice or upon such notice as it shall deem proper, any order in an action or special proceeding made by a justice of the Supreme Court or by the court without notice to the adverse party."

The relators have taken the objection to this motion that it should have been made in the first instance at the Special Term of the Supreme Court, for the reason that the provision made by section 2138 of the Code of Civil Procedure for a hearing of the cause at the Appellate Division limits the power of that branch of the court; and reliance is placed upon the cases of People ex rel. McNeary v. MacLean, 64 Hun, 205, 19 N. Y. Supp. 56, in which it is said that it is only the hearing of the merits which is to be had at the General Term, and People ex rel. Miller v. Peck, 73 App. Div. 89, 76 N. Y. Supp. 328, where it is held that a motion to quash a writ was properly made at the Special Term. But in neither of those cases was attention drawn to the provisions of section 1348 of the Code, and it is within the knowledge of this court that applications to modify writs of certiorari have been entertained by the Appellate Division under that section without challenge, as in Matter of Tilyou, 57 App. Div. 101, 67 N. Y. Supp. 1097, where such an application was considered and denied on the merits.

It is not claimed by the moving party that the action of the Public Service Commission in making the orders now brought to our attention is beyond some power of review by the courts, but it is insisted that such review may only be had in independent proceedings, either by way of injunction to restrain the commission from enforcing the order or by defense to an application made by the commissioners to compel compliance with it by mandamus or by defense to an action at law to enforce a penalty for a violation of it, and thus to bring before the court upon new evidence all questions that might

arise and could be litigated respecting the validity and enforceability of the order objected to. The question, therefore, now before the court, is whether a writ of certiorari may be issued to review the action of the commission in making the order complained of, or must the relators be remitted to some other remedy.

In the act of the Legislature constituting the Public Service Commission (Laws 1907, p. 889, c. 429) there is no specific method pointed out by which the action of that commission can be brought within the judicial cognizance of the courts of the state. There is no express provision made either for a review of its proceedings or for an appeal from its orders. The writ of certiorari is regulated, as to its allowance and all proceedings thereunder, by the Code of Civil Procedure, which provides for what may be called certain statutory writs, but which also preserves the common-law writ. Unquestionably the common-law writ can only be issued for the purpose of reviewing acts either judicial or quasi judicial in their nature, and official acts that are purely executive, legislative, administrative, or ministerial in their character are not subject to review by such writ. It is scarcely worth while to cite authorities to so elementary a proposition. The inquiry, therefore, now is whether the acts of the Public Service Commission in the proceedings which led up to and eventuated in the making of the orders now sought to be reviewed are purely and exclusively executive, legislative, administrative, or ministerial, or are judicial or quasi judicial.

In making the order now sought to be reviewed, the Public Service Commission acted under the authority of a provision of section 49 of the act instituting the commission (chapter 429, p. 917, Laws 1907), which in part reads as follows:

"The commission shall have power by order to require any two or more common carriers or railroad corporations whose lines, owned, operated, controlled or leased, form a continuous line of transportation or could be made to do so by the construction and maintenance of switch connection, to establish through routes and joint rates, fares and charges for the transportation of passengers, freight and property within the state as the commission may, by its order, designate; and in case such through routes and joint rates be not established by the common carriers or railroad corporations named in any such order within the time therein specified, the commission shall establish just and reasonable rates, fares and charges to be charged for such through transportation, and declare the portion thereof to which each common carrier or railroad corporation affected thereby shall be entitled and the manner in which the same shall be paid and secured."

The proceeding was within the terms of the statute. The commission acted upon its own initiative, as it was also authorized to do. The procedure was apparently in conformity with provisions of the act relating to that subject and rules and regulations which the commission was authorized to adopt. On the 2d of October, 1908, an order was made directing a hearing to be had before the commission of certain matters: First, whether a joint fare for passengers should be five cents per passenger, or, if such joint fare would be unjust and unreasonable, what joint fare should be established and put in force; second, to what portion of the joint fare each road should be entitled; third, how the portion allotted to each road should be paid

and secured. Hearings were had on various days. The receivers of the Metropolitan Company and the Central Park, North & East River Railroad Company were represented by counsel. Evidence was taken, argument had, and the matter submitted for the determination of the commission.

If we were to have regard only, on the present motion, to what appears in the petition and in the orders of the commission, it would be evident that their inquiry and action in the premises was judicial in its nature and that it was substantially acting as a court. It is true that it has been decided by courts of high authority that the mere fixing of rates by a commission intrusted with such a power by law is legislative in its character, as in the very recent cases of Prentis et al. v. Atlantic Coast Line Company (and companion cases decided November 30, 1908, by the Supreme Court of the United States) 29 Sup. Ct. 67, 53 L. Ed. ——. In passing upon the nature of the powers devolved upon the State Corporation Commission of Virginia, Mr. Justice Holmes, writing the opinion of the court in those cases, remarks that whether the proceedings are to be regarded as legislative in their character or otherwise does not depend upon the dominant character of the body in which they may take place, but upon the character of the proceedings themselves. But looking beyond what is disclosed by the papers now before the court, and examining the act itself by which the Public Service Commission is established and its powers conferred, and having regard to the decisions of the courts in this state applicable to the subject, the conclusion seems to be necessary that the proceedings and order, the subject of the present inquiry, are judicial in their nature.

The commission, acting of its own motion, must necessarily have started with the inquiry as to whether the establishment of a through route is a matter of public convenience or necessity. That being ascertained, it proceeded to inquire and determine what should be a proper joint rate for the transportation of passengers over a combined route, then to apportion a joint fare between the corporations operating the joint through route, and then to determine how the proportionate share should be secured to each participant.

It appears to us that the power granted to and exercised by the Public Service Commission in the matter now under consideration includes very much more than what may be called a mere legislative act of fixing rates. There is involved the compulsion of two lines of railway to operate their roads jointly, and there is the judicial or quasi judicial act of ascertaining and determining a proportionate share of a joint rate to be allowed to each operating company. In such a proceeding it seems to us that there necessarily arises a controversy—one to be determined by judicial methods, dependent upon evidence and the establishment of facts. This commission is clothed with the power which formerly resided in the Railroad Commission of the state and the Gas Commission, and acts of a character kindred to those now the subject of consideration have been regarded as judicial in their nature, as for instance, in the case of People ex rel. Loughran v. Railroad Commissioners, 158 N. Y. 421, 53 N. E. 163, where it was held that the act of the State Board of Railroad Commis-

sioners, in consenting, under the power conferred upon them by the railroad law, to the discontinuance of a station on a line of railway, was not an act merely of administration, but it was judicial in its character and might be reviewed by a common-law writ of certiorari. In that case no right of review was given expressly by the statute; but the court remarked that a common-law writ of certiorari might be issued to review the determination of inferior tribunals and officers acting under the authority of a statute to correct errors of law affecting the property or rights of the parties, and that in consenting to the discontinuance of the station the Board of Railroad Commissioners acted judicially, citing as authority People v. N. Y., L. E. & W. R. R. Co., 104 N. Y. 58, 9 N. E. 856, 58 Am. Rep. 484. The acts of the commission were judicial, because the law impliedly required it to decide a question of fact, and also required their judgment upon evidence determining whether the consent should be given or not. The question was between the public patronizing the station and the inconvenience to the railroad company in maintaining it and stopping its trains thereat. In People ex rel. Linton v. Brooklyn Heights Railroad Company, 172 N. Y. 90, 64 N. E. 788, which was a case relating to the discontinuance of continuous train service, the Board of Railroad Commissioners was authorized to determine whether the mode of operating the road and conducting its business was reasonable and expedient; and the Court of Appeals held that the action of the commission was reviewable by certiorari, and that the duty of examining the facts rested upon the Appellate Division. In the case of Stewart v. Railroad Commissioners, 160 N. Y. 202, 54 N. E. 697, the question was whether certain duties devolving upon the Railroad Commission were administrative, and not judicial. That was a case which involved the issuance of a certificate of public necessity for the construction of a railroad, a matter which is very closely akin to that of the establishment of a joint route. In that case it was argued with great persistence that the statute conferred upon the Railroad Commissioners a duty which was administrative and which the courts had no power to review. In its opinion the court says:

"The issuance of a common-law writ of certiorari to review the judicial determinations of inferior judicial tribunals and officers acting judicially under authority of statute, to correct errors of law affecting property rights of the parties, has for a long time formed a part of our judicial procedure. Starr v. Trustees of Rochester, 6 Wend. 564; People ex rel. Loughran v. Railroad Commissioners, 158 N. Y. 421, 53 N. E. 163, and cases cited. Counsel has therefore found it necessary to call the duty enjoined upon the Railroad Commissioners by section 59 of the railroad law something else than a judicial duty, in order to obtain even the suggestion of a foundation upon which to construct an argument intended to convince the mind that such a determination as this is not reviewable by certiorari. But it is clear that if the duty enjoined upon the Board of Railroad Commissioners by this section calls upon them to decide some question of fact every time there is an application made to them for the issuing of the certificate authorized by it, then in the making of that decision it acts judicially, notwithstanding there may be closely interwoven with it certain administrative or ministerial functions that must be also exercised."

In the recent and very instructive case of Village of Saratoga Springs v. Saratoga Gas, etc., Co., 191 N. Y. 123, 83 N. E. 693, it

was held, in substance, that while the fixing of maximum rates for gas and electric light corporations by a commission, created by Laws 1905, p. 2092, c. 737, and to whose powers the present Public Service Commission succeeded, is fixed in the state Legislature, nevertheless the power is not inherently and exclusively legislative; that what is intrusted to the commission is the duty of ascertaining facts and, after a public hearing, determining what is a reasonable maximum rate. As we understand the opinion of the court in that case, a commission authorized by the Legislature to fix rates is in a sense acting legislatively, yet the procedure by or through which they reach a result is in its nature judicial or quasi judicial. Indeed, it would seem, from the provision of section 59 of the public service law, that it was within the contemplation of the Legislature, in passing the act, that the action of the commission in many cases might come before the courts by independent proceedings instituted for a review. Section 59 provides very drastic penalties for violations of orders of the commission; but it proceeds to say that in an action to recover a penalty and forfeiture brought by the commissioners under the act, if the defendant in such an action shall prove that during any portion of the time for which it is sought to recover penalties or forfeitures for a violation of an order of the commission the defendant was actually and in good faith prosecuting a suit, action, or proceeding in the courts to set aside such order, the court shall remit the penalties or forfeitures incurred during the pendency of such suit, action, or proceeding. The only proceeding available to this petitioner would be that of certiorari, but that is not conclusive of the subject.

We think that, in view of the whole trend of the decisions of the highest court of this state with reference to the nature of proceedings of public service commissions in such matters as those acted upon in the case now before us, we must hold that the commission has acted judicially or quasi judicially, and that the appropriate method of review is by certiorari, and that hence the motion to vacate the writ must be denied. Our decision goes no further than to determine that the particular order to which the petitioner now objects and the proceedings leading to its issuance may be reviewed by certiorari. All concur.