BRUCE–WEBSTER v. ABBOTT et al.

(Supreme Court, Appellate Term.   November 1, 1910.)

APPEAL AND ERROR (§ 477*)—STAY OF PROCEEDINGS—POWER TO STAY—POWER OF CITY COURT.

　　Code Civ. Proc. § 1344, gives an appeal from an inferior court to the Appellate Division, except that appeals from a judgment of the City Court of New York may be heard by the Appellate Division, or by justices of the Supreme Court designated for that purpose, and, when an appeal is heard by such justices, they, or a justice of the Appellate Division, may allow a further appeal to the Appellate Division.   Section 191, subd. 2, gives an appeal to the Court of Appeals from an affirmance rendered in actions specified, including one for compensation for services, or upon an appeal undertaking, etc., when the Appellate Division is unanimous, unless it certify that a question of law is involved which should be reviewed by the Court of Appeals, or an appeal is allowed by a judge of that court.   Chapter 12, tit. 1, § 1310, provides that, in a case specified in subdivision 2 of section 191, a party aggrieved, upon a showing that he intends to apply to the Appellate Division for leave to appeal to the Court of Appeals, and, on denial of leave, then to a justice of the Court of Appeals, together with proof that an undertaking has been filed, may have a stay of proceedings on the judgment until final determination of the application.   Section 3192 provides that title 1 of chapter 12, so far as applicable, shall apply to an appeal from a judgment of the City Court of the City of New York to the Appellate Division.   Held, that an appeal to the Appellate Division, after affirmance by the Appellate Term of a judgment of the City Court of New York in an action involving the value of services, was not from the judgment of the City Court, but from the determination of the Appellate Term, so that the City Court could not stay proceedings upon the judgment entered by it, and the affirmance thereof, and also the proceedings in an action in the City Court on the appeal undertaking, until the hearing by the Appellate Term of an application for leave to appeal to the Appellate Division, and, on its refusal of leave, until the refusal by a justice of such Division to grant it, and, on grant of leave, until determination of the appeal by the Appellate Division; nor was section 1310 made applicable by section 3192 to appeals from the determination of the Appellate Term, appeal pursuant to section 191 being from the judgment of affirmance, and not from the determination of the Appellate Division.

　　[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 477.*]

Appeal from City Court of New York.

Action by George Bruce-Webster against Clark H. Abbott and another.   From an order staying proceedings upon a judgment, and in an action begun on an appeal undertaking, until the hearing of an appeal, plaintiff appeals.   Reversed, and motion denied.

See, also, 117 N. Y. Supp. 949.

　　This is an appeal from an order of the City Court of the City of New York staying proceedings upon the judgment entered in this action, and on the judgment of affirmance thereof, and also all proceedings in an action commenced

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in that court on the undertaking given on appeal, until the hearing and determination by the Appellate Term of an application to be made for leave to appeal to the Appellate Division, and, in the event of the refusal by the Appellate Term to grant such leave, then until the refusal by a justice of the Appellate Division to grant the permission to appeal, and, if the application is granted, until the hearing and determination of said appeal in the Appellate Division, if the appeal be taken and proper security be given.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Geo. H. Corey, for appellant.

George A. McLaughlin, for respondents.

PAGE, J. The order below is based on a misapprehension of the nature of an appeal to the Appellate Division from this court. The appeal, if allowed, is not from the judgment of the City Court that was reviewed by the justices holding the Appellate Term, but from their determination of the appeal. Code Civ. Proc. § 1344; Lesster v. Lawyer's Surety Co., 50 App. Div. 181, 185, 63 N. Y. Supp. 804. Whether there shall be such an appeal rests, not with the Appellate Term, but with the justices who determined the appeal, or, on their refusal, with the justice of the Appellate Division to whom application may be made.

It is entirely competent for those justices to grant a stay of proceedings pending the application. Stern v. Barrett Chemical Co., 124 App. Div. 377, 381, 108 N. Y. Supp. 811. But no other judge or court has that power. The appeal from the Supreme Court to the Court of Appeals, by virtue of section 191, subd. 2, of the Code of Civil Procedure, is taken from the judgment of affirmance, and not from the determination of the Appellate Division; hence section 1310 is not made applicable to appeals from the determination of the Appellate Term by section 3192.

In the case of Genet v. D. & H. Co., 113 N. Y. 472, 21 N. E. 390, relied upon by the respondent, the order appealed from was not a mere stay of proceedings, which the Special Term had unquestioned power to grant (section 1371, Code Civ. Proc.), but was an order suspending the operation of a judgment in an equity case, and was justified by the Court of Appeals as an exercise of the equitable jurisdiction of the court, as will appear from this sentence, which was omitted from the body of the quotation from that case in respondent's brief, without indicating the omission:

"While it may be said that the order, in some sense, interferes with the judgment, by postponing its enforcement, we think this was within the competence of the Special Term in the exercise of its equitable jurisdiction."

The omission of this sentence from the quotation may have been unintentional; but counsel should verify quotations in their briefs, so that the court may have some degree of confidence in their accuracy.

When the remittitur of this court came down to the City Court, that court had no power, except to enter the judgment in accordance with the determination of this court and enforce the judgment. Typothetæ v. Typographical Union, 138 App. Div. 295, 122 N. Y. Supp. 975.

Order appealed from reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.