BIMBONI v. McCORMACK.

(Supreme Court, Appellate Term, First Department. January 26, 1916.)

1. COURTS ⬨➾190—APPEAL—CITY COURT—"INFERIOR AND LOCAL COURT"—
STATUTES.

Code Civ. Proc. § 3188, provides that an appeal to the Supreme Court may be taken from a judgment of the City Court of the City of New York in a case where an appeal might be taken to the Appellate Division of the Supreme Court from a judgment in the Supreme Court. Section 3189 provides that an appeal to the Supreme Court may be taken from an interlocutory judgment of a City Court, or from an order made by a judge thereof, when an appeal might be taken to the Appellate Division of the Supreme Court from an interlocutory judgment. Section 3190 provides that such appeals must be taken within 10 days after service of a copy of the judgment or order appealed from, and that in other respects titles 1, 3, and 4 of chapter 12 of the Code shall apply. Title 3, c. 12, relates to appeals to the Supreme Court from inferior courts, and sections 1340, 1341 et seq., provide for an appeal to the Supreme Court from judgments and orders of "inferior and local courts," and that, to stay the execution of a judgment, security must be given, and that upon an appeal from an order the "appellate court or a judge thereof may direct a stay," etc. Title 4 relates to appeals to the Appellate Division, and section 1353 thereof provides that the court "in or from" which an appeal is taken may grant a stay. Held, that the City Court of the City of New York is an "inferior and local court," and that only the appellate court or a judge thereof could grant a stay upon an appeal therefrom.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⬨➾190.

For other definitions, see Words and Phrases, First and Second Series, Inferior Local Court.]

2. APPEAL AND ERROR ⬨➾477—APPLICATION FOR STAY OF PROCEEDINGS—JU-
RISDICTION.

An application for a stay of proceedings upon an appeal must be made in the court in which the appeal is pending, and not in court from which the appeal is taken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2247–2249; Dec. Dig. ⬨➾477.]

3. COURTS ⬨➾190—APPEAL—CITY COURT—VACATION OF PROCEEDINGS.

Under Code Civ. Proc. § 1348, providing that the Appellate Division may vacate or modify any order in an action or special proceeding made by a justice of the Supreme Court, or by the court without notice to the adverse party, the powers of the Appellate Term, composed of not less than three justices of the Supreme Court designated by the Appellate Division under section 1344, and limited to the hearings of appeals and to the powers incidental thereto, can only be invoked when an appeal is pending before it; and hence, where no appeal is pending, the motion to set aside an order in the City Court staying proceedings toward the enforcement of a judgment would be denied.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⬨➾190.]

Action by Alberto Bimboni against John McCormack. On motion by plaintiff for an order to vacate an ex parte order made by a justice of the City Court staying all proceedings on the part of plaintiff towards the enforcement of a default judgment in his favor against defendant, and also suspending the operation of two other orders. Motion denied. .

See, also, 157 N. Y. Supp. 314.

Argued January term, 1916, before GUY, BIJUR, and GAVE-GAN, JJ.

Bouvier, Geer & Lindsay, of New York City (William Montague Geer, Jr., of New York City, of counsel), for appellant.

Horace W. Palmer, of New York City, for respondent.

PER CURIAM. This is a motion made by the plaintiff herein for an order to vacate an ex parte order made by a justice of the City Court staying all proceedings on the part of the plaintiff towards the enforcement of a judgment obtained in his favor against the defendant by default, and also suspending the operation of two orders hereinafter referred to. The material facts are as follows:

The plaintiff obtained a judgment against defendant by default on September 13, 1915. Thereafter the defendant obtained an order opening his default upon certain conditions therein named to be complied with within a time specified. Upon a motion made to resettle this order the motion was denied; but, the defendant having appealed therefrom, he was given by the court below two days after the determination of such appeal in which to comply with the terms of the order. Subsequently this appeal was dismissed by motion made in this court, and an order was entered in the City Court on December 23, 1915, declaring the defendant in default, and making the judgment absolute, and not as security only. In the meantime the defendant, claiming that he had fully complied with the conditions of the order opening his default, had made a motion to restore the case to the calendar, which motion was denied by an order entered on December 23, 1915, and a second motion substantially for the same relief was again denied by an order entered on December 29, 1915. The defendant served a notice of appeal from the two last-named orders, and with his notice served an order, evidently obtained ex parte from a justice of the City Court, which order contains the following recital:

"Ordered, that the operation of the order denying the defendant's motion to restore to the calendar, dated December 23, 1915, and the order denying the defendant's motion to vacate the ex parte order making the judgment herein absolute and denying the other relief moved for, dated December 29, 1915, be and the same hereby is suspended, and all proceedings upon the part of the plaintiff or his attorney or the sheriff of New York county thereunder, and to enforce the judgment of September 14, 1915, be and the same hereby are stayed, pending appeal from said orders and until five days after the determination thereof."

The plaintiff thereupon moved to have that order vacated, which motion was denied by an order of the City Court; the last-named order also reciting that:

"This motion is denied, and the portion of the aforesaid orders and the proceedings therein are suspended, and the enforcement of the judgment stayed until five days after the determination of the appeal," etc.

No appeal has been taken from this order. This motion is made in this court to vacate this last order which practically grants a stay of the enforcement of the judgment without the giving of security. The plaintiff claims that power to grant such relief is vested in this court by virtue of the following provision contained in section 1348 of the Code of Civil Procedure (chapter 12, title 4):

"The Appellate Division shall have power to vacate or modify, without notice, or upon such notice as it shall deem proper, any order in an action or special proceeding made by·a justice of the Supreme Court or by the court without notice to the adverse party."

This motion involves the consideration of two questions: (1) The power of the City Court to grant a stay of the enforcement of a judgment obtained or order made in that court pending an appeal from either; and (2) the application of that portion of section 1348 of the Code above quoted.

[1, 2] The right of appeal from a judgment or an order of the City Court to the "Supreme Court" is given by virtue of the provisions of sections 3188, 3189, and 3190 of the Code. Briefly stated, they provide for appeals from orders and judgments of the City Court, and declare that, otherwise than prescribed in these sections, titles 1, 3, and 4 of chapter 12 of the Code shall, "so far as the same are applicable," apply to such appeals. It must first be observed that sections 3188 and 3189 of the Code permit an appeal only to the "Supreme Court." No mention is made of the Appellate Division, and no right of appeal thereto lies. Turning now to title 3 of chapter 12, we find that provision is also made therein for appeals to the "Supreme Court" from judgments and orders of "inferior and local courts heretofore heard in the Court of Common Pleas of the City of New York." Section 1340. The City Court is an inferior local court created by statute. O'Connor v. City of New York, 51 Misc. Rep. 560, 101 N. Y. Supp. 295, affirmed 191 N. Y. 238, 83 N. E. 979.

Appeals from the City Court were formerly heard in the Court of Common Pleas, although they were first taken to the General Term of the City Court, and so continued until that term was abrogated by chapter 515, Laws of 1902. Title 3, chapter 12, prescribes the practice upon appeal taken from inferior and local courts; and section 1341 declares that to stay the execution of a judgment security must be given, and that upon an appeal from an order the "appellate court or a judge thereof may direct a stay," etc. The power thus given to grant a stay in appeals from such courts is limited to the "appellate court or a judge thereof." Title 4, c. 12, lays down the practice upon appeals to the Appellate Division from the Supreme Court. As before stated, section 3190 permits the application of title 4 to appeals from the City Court, "so far as the same are applicable," but only such provisions of title 4 *are* applicable to appeals from inferior and local courts as are not specifically mentioned in and provided for by title **3.**

Of these we may mention the right conferred by section 3151 of staying an execution for 30 days only without the giving of security, evidently to give time for making and serving a case upon appeal, if one is taken; also those in sections 1353 and 1354 relating to the papers upon which appeals are heard and the judgment to be entered upon the appeal. It is true that section 1353 also provides that the court "in or from" which an appeal is taken or a judge thereof may grant a stay; but clearly that refers only to an appeal "authorized by this title," and appeals authorized by title 4 are those taken from the Supreme Court to the Appellate Division, and not those taken under title 3 to the Supreme Court.

An application for a stay of proceedings upon an appeal must be made in the court in which the appeal is pending, and not in the court from which the appeal is taken. Van Orden v. Van Orden, 27 App. Div. 136, 50 N. Y. Supp. 184. After an appeal has been perfected, all matters pertaining to the appeal itself * * should be made to the appellate court. Seabury on City Court Practice, 898. It was distinctly held in Stern v. Barrett Chemical Co., 124 App. Div. 377, 108 N. Y. Supp. 811, that title 4 of chapter 12 applied to appeals from a judgment or order of the Supreme Court, and there is nothing contained in title 1 of chapter 12, likewise made applicable to appeals from the City Court, that is in any way contradictory of this position. It follows, therefore, that only the appellate court or a judge thereof can grant a stay *upon an appeal* from an inferior court.

It is frequently stated that courts have control over their own judgments, and this statement is usually accompanied, where there is no statute to warrant the exercise of power, by a reference to some "inherent power" in the court. While in a certain sense this is true of courts that can resort to the common law, it is never true that a court has any inherent power to override the express provisions of a statute. Our attention has not been called to any provision in any statute that permits any court to stay a money judgment for a longer time than thirty days without requiring security. The case of Vogel v. Vogel, 131 N. Y. Supp. 577, is cited as an authority for the granting of a stay by the City Court upon an appeal from a judgment. In that case no final judgment had been entered, and it is evident that the attention of the court was not called to the express provisions of section 1343 of the Code, and the determinative feature of that case was the right of the lower court to extend the time of the defendant to file an answer to "six days after the determination of the appeal."

[3] We now come to the question whether or not the plaintiff is entitled under this motion to have the order vacating the stay granted. The plaintiff is not in this court by virtue of any appeal taken by him from any order. He relies for relief upon the power given to the Appellate Division by that portion of section 1348 before quoted. This power has been exercised by the Appellate Division. People ex rel. Joline v. Willcox et al., Public Comm., 129 App. Div. 267, 113 N. Y. Supp. 861. But the Appellate Term is not a court of original jurisdiction. It is composed of not less than three justices of the Supreme Court, designated by the Appellate Division under the power

conferred by the provisions of section 1344 of the Code, and it is limited to the hearing of appeals and to such powers as are incident thereto.

The powers of the Appellate Term can only be invoked when there is an appeal pending before it, and there is none now pending from the order denying the plaintiff's motion, and under the circumstances of this case the motion must be denied.

Motion denied.