BROOKLYN HEIGHTS R. CO. v. STRAUS et al.

(District Court, E. D. New York. August 23, 1917.)

1. JUDGMENT ⬅563(2)—RES JUDICATA—QUASHING WRIT.

Judgment quashing a writ of certiorari to review an order as supported only by allegations constituting conclusions, instead of by the necessary allegations of fact, is 'not res judicata in suit for relief against the order as illegal.

2. CARRIERS ⬅2—ORDERS OF PUBLIC SERVICE ·COMMISSION—JUDICIAL REVIEW.

Public Service Commission Law New York (Consol. Laws, c. 48) is not unconstitutional because not expressly providing for appeal from orders of the commission, the method of review by certiorari under Code Civ. Proc. N. Y., § 2120 et seq., being applicable, and any abuse of discretion in refusing the writ being subject of appeal, and a suit to set aside an order being available.

3. CARRIERS ⬅2—PENALTIES.

Public Service Commission Law New York, § 56, providing a penalty of $5,000 a day for violation of an order of the commission, does not make the statute unconstitutional on the theory that such an amount may compel obedience even to a confiscatory order; section 24 providing for remission of the penalty during pendency of a suit in good faith to set aside an order.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. STATUTES ☞64(2)—PARTIAL INVALIDITY.**

The subject of penalties in Public Service Commission Law New York, being a separable feature, if unconstitutional, would not make the whole act unconstitutional.

**5. CARRIERS ☞21(1)—ORDERS OF COMMISSIONERS—DISOBEDIENCE.**

Public Service Commission Law New York, § 56, making guilty of a misdemeanor an officer or agent of a company who procures, aids, or abets it in its failure to obey an order of the commission, contemplates a personal and individual act, and not a mere failure of the company, unless shown to be due to his neglect or fault.

**6. CONSTITUTIONAL LAW ☞318—DUE PROCESS OF LAW.**

An order of the Public Service Commission that street car service must be increased, after hearing on proofs, with opportunity to street car company to appear, is not a taking of property without due process of law.

In Equity. Four suits, one by the Brooklyn Heights Railroad Company, one by the Brooklyn, Queens County & Suburban Railroad Company, one by the Coney Island & Brooklyn Railroad Company, and the other by the Nassau Electric Railroad Company, all against Oscar S. Straus and others, the Public Service Commission of the State of New York for the First District, and others. Injunction pendente lite denied.

George D. Yeomans, of Brooklyn, N. Y. (I. R. Oeland and Charles A. Collin, both of New York City, and D. A. Marsh, of Brooklyn, N. Y., of counsel), for complainants.

William L. Ransom, of New York City (William L. Ransom, Godfrey Goldmark, Jacob H. Goetz, and H. M. Chamberlain, all of New York City, of counsel), for Public Service Commission and in person.

Merton E. Lewis, Atty. Gen., by M. S. Schector, Deputy Atty. Gen., for Attorney General of State of New York and for Governor.

Before WARD, Circuit Judge, and VEEDER and AUGUSTUS N. HAND, District Judges.

PER CURIAM. These four cases, being alike, will be disposed of in one opinion. The bills filed ask that an order of the Public Service Commission of the state of New York requiring the complainants, street railroad corporations, to operate additional cars in the city of New York within certain dates, be adjudged to be illegal and void; that the Public Service Commission Law itself be adjudged to be unconstitutional, and that the commissioners, defendants, be enjoined pendente lite from enforcing the order by actions for collection of penalties or by criminal proceedings against the companies' officers. The motion for the preliminary injunction is the subject now to be disposed of as required by section 266 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1162 [Comp. St. 1916, § 1243]).

[1, 2] Before bill filed Judge Ordway in the state court quashed writs of certiorari which had been granted ex parte to review the order in question, and the companies took no appeal from that judgment. The defendants contend that it constitutes res adjudicata in these causes. But the judgment was not upon the merits. The duty

lay upon the companies to allege upon oath facts sufficient to satisfy the court, at least prima facie, that the order complained of was illegal, instead of doing which the judge found that they confined themselves to allegations which were mere conclusions. Such a judgment, although acquiesced in by the companies, no more binds them upon the merits than does the dismissal of an action at law for want of sufficient proof to go to the jury or an order granting or denying a preliminary injunction in a suit in equity. The companies could still apply for another writ upon a fuller statement of sufficient facts upon oath or they could go into the state courts or come into this court for relief if they could prove that the order violated the Constitution of the United States. Louisville & Nashville Railroad Co. v. Garrett, 231 U. S. 298, 310, 34 Sup. Ct. 48, 58 L. Ed. 229.

The Public Service Law itself is said to be unconstitutional on two grounds:

First. Because it does not expressly provide for an appeal from the orders of the commission. But the state of New York has provided a method of review which does apply to these orders by certiorari (Code of Civil Procedure, § 2120 et seq.). It is true that the granting of the writ is discretionary but the discretion must not be abused and is the subject of appeal. People v. Peck, 73 App. Div. 89, 76 N. Y. Supp. 328; People ex rel. Joline v. Willcox, 129 App. Div. 267, 113 N. Y. Supp. 861. Besides this, the companies had the same right to file a bill in the state courts like the bill filed in this court, to set aside the order as unconstitutional. Wadley Southern Railway Co. v. Georgia, 235 U. S. 651, 660, 35 Sup. Ct. 214, 59 L. Ed. 405. For these reasons we think the companies had quite sufficient means of judicial review.

[3, 4] Second. Because section 56 of the law provides for a penalty of not more than $5,000 a day for every day a violation of the order continues. It is said that this might run up to such an enormous sum as to compel obedience even to a confiscatory order. Section 24, however, corrects this apprehended mischief by providing that, if the defendant in an action to collect such penalties prove that it was "actually and in good faith prosecuting a suit, action or proceeding in the courts to set aside such order, the court shall remit the penalties or forfeitures incurred during the pendency of such suit, action or proceeding." Furthermore the companies would not be held subject to penalties until after the order complained of had been held to be valid. Of course, they would be required to proceed seasonably to test its validity, and if they delayed to do so in bad faith they would be subject to penalties. Wadley Southern Railway Co. v. Georgia, 235 U. S. 666 et seq. 35 Sup. Ct. 214, 59 L. Ed. 405. Finally, the subject of penalties, being a separable feature, would not make the whole act unconstitutional if itself unconstitutional. Louisville & Nashville Railroad Co. v. Garrett, 231 U. S. 311, 34 Sup. Ct. 48, 58 L. Ed. 229.

[5] Section 56 makes any officer or agent of the company who procures, aids or abets it in its failure to obey guilty of a misdemeanor. This provision plainly contemplates a personal and individual act of the officer or agent, and not the mere failure of the company itself, as

in this case, to provide cars, unless such failure was shown to be due to the neglect or fault of the officer or agent.

[6] As to the last objection which the complainants make, it may be admitted that an order of the commission made without consideration or without any evidence at all or without a hearing, requiring the company to increase its equipment, might amount to a taking of its property without due process of law. But the parties have submitted to us the record before the commission which resulted in the order complained of. We have examined it, not for the purpose of seeing whether we agree with the conclusion reached, but to determine whether that conclusion was the result of a fair hearing upon proofs with a full opportunity to the companies to offer proofs, and we think it was. If the complainants thought, as they now contend, that other and different evidence should have been considered by the commission, it lay upon them to offer it at the hearing.

The prayer for an injunction pendente lite is denied.