(51 Misc. Rep. 560.)

O'CONNOR v. CITY OF NEW YORK (two cases).

(Supreme Court, Appellate Term.   November 13, 1906.)

1. COURTS—JURISDICTION—MUNICIPAL COURTS.

Amended New York City Charter 1901, Laws 1901, p. 574, c. 446, repealed so much of Charter 1897, Laws 1897, p. 92, c. 378, § 262, as conferred exclusive jurisdiction on the Supreme Court of actions against the city of New York.   Section 1345 continued the jurisdiction of the City Court as it then existed, with no reference to actions against the city. Section 1364 gave the Municipal Court of the City of New York jurisdiction of an action against the city.  *Held*, that the City Court has no jurisdiction of an action against the city; the same being shown by such statutes and by the fact that no such jurisdiction has existed since 1860, as shown by a course of legislation.   Laws 1819, p. 74, c. 71; Laws 1858, p. 569, c. 334, § 2; Laws 1860, p. 645, c. 379; Laws 1868, p. 2007, c. 853; Laws 1872, p. 1493, c. 629; Laws 1881, p. 720, c. 537; Laws 1882, p. 305, c. 410, § 1103; Consolidation Act, Laws 1882, pp. 322–335, c. 410, §§ 1208–1278; Code Civ. Proc. §§ 315, 339.

2. COSTS—AMOUNT IN CONTROVERSY.

Code Civ. Proc. § 3228, as amended by Laws 1904, p. 1351, c. 557, provides that in all actions brought in the Supreme Court triable in the county of New York which could have been brought, except for the amount claimed therein, in the City Court of the City of New York, plaintiff shall recover no costs unless he recover $500.  *Held* that, the City Court of the City of New York having had no jurisdiction of an action against the city, the statute did not operate to prevent a plaintiff, suing in the Supreme Court and recovering less than $500, from recovering his full bill of costs.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 67–69.]

Appeal from City Court of New York.

Actions by Margaret O'Connor against the city of New York, and by John O'Connor against the same defendant.   From a judgment in each case in favor of plaintiff, defendant appeals.   Reversed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

John J. Delany (Theodore Connoly and Thomas F. Noonan, of counsel), for appellant.

Charles P. Rogers, for respondents.

DOWLING, J.   The sole question involved in this appeal is whether the City Court of New York has jurisdiction over actions wherein the city of New York is a party defendant.   In considering the question of the present jurisdiction of the City Court, it is necessary to review the history of the various legislative acts conferring jurisdiction upon that court.   The City Court of the City of New York is not a constitutional court, being nowhere referred to in the state Constitution, and the Legislature has been expressly empowered by the Constitution to create inferior local courts of civil and criminal jurisdiction in the cities.   Const. 1846, art. 6, § 14; Const. 1869, art. 6, § 19; Const. 1894, art. 6, § 18.   The Legislature, therefore, may from time to time increase or diminish the jurisdiction of such inferior local courts, by adding to or excluding therefrom any designated class of cases or causes of action; in other words, the jurisdiction of the City Court could from time to time be limited and restricted or enlarged with re-

spect to subject-matter, amount, and persons. Bretz v. Mayor, 6 Rob. 325; Curtin v. Barton, 139 N. Y. 505, 34 N. E. 1093.

Beginning with the Assistant Justices' Court, and extending for more than a century, the jurisdiction of the City Court of New York has been gradually increased in amount. The old Justices' Court, one of its predecessors, was renamed the Marine Court by chapter 71, p. 74, of the Laws of 1819. In 1853, by chapter 334, p. 569, of the Laws of that year, it was provided (section 2):

"The Marine Court of the City of New York shall hereafter have no jurisdiction in action against the mayor, aldermen and commonalty of the city of New York, in which the amount claimed by the plaintiff shall exceed two hundred dollars."

By chapter 379, p. 645, of the Laws of 1860, it was further provided that the Supreme Court in the First Judicial District, the Court of Common Pleas, and the Superior Court of the City of New York should have exclusive jurisdiction of all actions or special proceedings wherein the mayor, aldermen, and commonalty thereof were made a party defendant. It is apparent, therefore, that in 1860 the Marine Court, the predecessor of the present City Court, had no jurisdiction whatever over actions against the city of New York. Chapter 853, p. 2007, of the Laws of 1868, entitled "An act to make provision for the government of the city of New York," continued in full force and effect the provisions of chapter 379, p. 645, of the Laws of 1860, by section 8 (page 2022) thereof. It is obvious, therefore, that from 1860 down to and including 1868 the Marine Court had no jurisdiction of actions wherein the city was a party defendant.

No change was made in the law until by chapter 629, p. 1493, of the Laws of 1872, defining the jurisdiction of the Marine Court and declaring it to be a court of record, subdivision 15 was added, conferring jurisdiction upon said court in actions against corporations created by or under the laws of this state and transacting their general business within the said city of New York, or established by virtue of statute or in pursuance of general laws therein, or created by or under the laws of any other state, government, or country, for the recovery of any debt or damages, whether liquidated or not, arising upon contract made, executed, or delivered within this state, or upon any cause of action arising therein. For some time after the enactment of this subdivision an opinion prevailed that this statute had reinvested the court with jurisdiction of actions against the city. See McAdam's Marine Court Practice (2d Ed.) p. 37. But on September 19, 1876, the question of jurisdiction having been presented to the Court of Appeals, that court held, in the case of Callahan v. Mayor, 66 N. Y. 656, that the provision of chapter 379, p. 645, of the Laws of 1860, and chapter 853, p. 2007, of the Laws of 1868, giving to the Supreme Court, Court of Common Pleas, and the Superior Court exclusive jurisdiction in all actions where the city corporation was a party defendant, were not repealed or affected by subdivision 15, § 3, c. 629, p. 1496, · of the Laws of 1872, giving to the Marine Court jurisdiction of actions against certain corporations hereinbefore quoted. It was finally held in that decision that the Marine Court of the City of New York had

no jurisdiction of an action against the city corporation, and that the corporations referred to in the act were private and not municipal corporations. Thereafter there could no longer be any claim that the Marine Court had jurisdiction of actions in which the city of New York was a party defendant. This decision left the Marine Court in the position of having had no such jurisdiction from 1860 down to and including 1876. By chapter 537, p. 720, of the Laws of 1881, the provisions of chapter 334, p. 569, of the Laws of 1858, were repealed as to sections 2 to 6, inclusive, thereof. This enactment did not affect the existing condition of things as to the lack of jurisdiction of the City Court. Under the consolidation act (chapter 410, p. 305, Laws of 1882), section 1103 thereof provided that the Supreme Court in the First Judicial District, the Court of Common Pleas, and the Superior Court should have exclusive jurisdiction of all actions or special proceedings. wherein the mayor, aldermen, and commonalty thereof were made a party defendant. This section is in the exact language of chapter 379, p. 645, of the Laws of 1860. By section 1208 of the same act the jurisdiction of the City Court was extended to certain classes of actions, wherein there is no mention of actions against the city of New York. Chapter 537, p. 720, of the Laws of 1881, heretofore referred to, also repealed chapter 629, p. 1493, of the Laws of 1872.

Thus, at the time of the enactment of the consolidation act in 1882, it is clear that the Marine Court had no jurisdiction of actions wherein the city was a party defendant. By chapter 26, p. 20, of the Laws of 1883 the name of the Marine Court was changed to that of the "City Court of New York." There was no further material change respecting the court until the Greater New York charter was enacted, being chapter 378, p. 1, of the Laws of 1897. By section 1345 of that charter it was provided that the City Court should be continued, and that the court and justices thereof should have the same powers and jurisdiction as were then conferred upon them by law. It also continued in force section 1208 and the other sections of the consolidation act relating to the City Court. By section 262 of said charter, section 1103 of the consolidation act was revised, and as enacted it provided that the Supreme Court should have exclusive jurisdiction over all actions or special proceedings wherein the city of New York was made a party defendant. Thus, in 1897, exclusive jurisdiction over all actions in which the city of New York was defendant was vested in the Supreme Court, and the only jurisdiction of the City Court was that provided in sections 1208 to 1278 of the consolidation act and sections 315 to 339 of the present Code of Civil Procedure. In none of these actions was jurisdiction conferred on the City Court over the municipal corporation. No further material change occurred until the passage of the amended charter of 1901, being chapter 466, p. 1, of the Laws of 1901. So much of the charter of 1897 as conferred exclusive jurisdiction upon the Supreme Court in actions against the city was repealed. Section 1345 thereof, however, reaffirmed and continued the jurisdiction of the City Court as it then was, to wit, with no reference whatever to jurisdiction of actions against the city.

The purpose and scope of the legislative enactment, in repealing so much of section 262 of the charter of 1897 as conferred exclusive jurisdiction upon the Supreme Court of actions against the city of New York, become apparent when read in connection with section 1364 of the charter of 1901, specifically providing that the Municipal Court of the city of New York should thereafter have jurisdiction of such actions. This was a conferring of additional jurisdiction, for by chapter 334, p. 569, of the Laws of 1858, the District Courts, the predecessor of the Municipal Courts, had no jurisdiction over actions against the city of New York. It is obvious, therefore, that the sole purpose of repealing section 262 of the charter of 1897 was to allow of the changed condition of affairs, by which the Legislature conferred jurisdiction upon the Municipal Courts in actions wherein the city was a party defendant. Had the Legislature intended to confer jurisdiction upon the City Court in actions where the city was a party defendant, it would have provided in express terms therefor, as it did in the case of the Municipal Court. And that no such intention of conferring jurisdiction upon the City Court of actions against the city was present in the minds of the legislators is apparent by a reading of section 1345 of the charter of 1901, continuing the City Court with the same powers and jurisdiction then conferred upon it by law. In other words, the Legislature had no intention of conferring jurisdiction upon the City Court of actions wherein the city of New York was a party defendant, but intended to, and did, continue the policy by which from 1860 said court had no such jurisdiction.

The contention of the respondent is that section 262 of the charter of 1901 has conferred jurisdiction upon the City Court by implication. The provision in question is as follows:

"All actions wherein the city of New York is made a party defendant shall be tried in that county within the city of New York in which the action arose or in the county of New York, subject to the power of the court to change the place of trial in the cases provided by law."

It is contended that the omission of section 262 of the charter of 1897 was by implication a repeal thereof, and that the exclusive jurisdiction thereby conferred upon certain courts was abolished. Apart from the general principle that a repeal by implication is not favored, section 1609 of the charter of 1901 provides that the mere omission from this act of any previous acts, or of any of the provisions thereof, including said consolidation act of 1882, relating to or affecting the municipal and public corporations, or any of them, which are herein united and consolidated, should not be held to be a repeal thereof. And so it has been held in People ex rel. Pumpyansky v. Keating, 168 N. Y. 390, 61 N. E. 637, that sections 1608, 1609, and 1610 of the charter of 1901 constituted a saving clause in favor of omitted provisions.

But the argument, based even on the theory of a repeal by implication, is untenable. It would seem highly speculative to construe this provision of the charter, even upon the theory of a repeal by implication, so as to extend the jurisdiction of the City Court of New York to actions wherein the city of New York was a party defendant, when

the last legislative enactment conferring any such jurisdiction whatever upon the City Court was passed in the year 1858 and expressly repealed in 1881 (having been in fact superseded and abolished in 1860), and when the amount of such jurisdiction, even in 1858, was limited to $200. There might have been some force in the argument, had the City Court jurisdiction of actions against the municipality when the charter of 1897 took effect; but, as shown, such jurisdiction had not existed since 1860. And if respondent's contention were correct, and repeal by implication reinstated the original jurisdiction as of 1858, it would be limited in amount to $200. Under the present condition of the charter, actions up to $500 in amount may be brought in the Municipal Court, which is expressly and in terms vested with jurisdiction of actions wherein the city of New York is a party defendant. Actions above that amount may be brought in the Supreme Court. There is no reason why a policy which has been in force for nearly 50 years, whereby such actions could not be brought in the City Court, should now be set aside.

Nor can any hardship to litigants come from the following of such an established policy. As the City Court on September 1, 1904, had no jurisdiction of the city of New York, the provisions of section 3228 of the Code of Civil Procedure, as amended by chapter 557, p. 1351, Laws of 1904, would not operate to prevent a plaintiff, suing the city in the Supreme Court and recovering an amount less than $500, from recovering his full bill of costs, as he cannot bring his action in the City Court. A consideration of all the legislation affecting both the jurisdiction of the City Court and that of the other courts of the city leaves no other conclusion than that the City Court of New York has no present jurisdiction of actions wherein the city of New York is a party defendant.

Judgments reversed, with costs, and judgments absolute in favor of defendant ordered, with costs. All concur.