(No. 27275.— ▉▉▉▉▉▉▉▉▉▉▉▉▉

VICTOR J. HERB, Appellant, *vs.* NORMAN B. PITCAIRN *et al.,* Receivers for Wabash Railway Company, Appellees.

*Announcement made March 21, 1945.*

Mr. JUSTICE GUNN delivered the announcement of the court:

Motion has been made by the original plaintiff to expand the language contained in our decision of *Herb* v. *Pitcairn,* 384 Ill. 237, as suggested in the order in the same cause by the Supreme Court of the United States. (No. 24, October Term, 1944, of said court.)

While it is true the circuit judge of Madison county, Illinois, certified the final order and judgment dismissing said case involved a construction of the constitution of the

State of Illinois and of the United States, and the validity of a statute, namely, paragraph 36, chapter 146, Illinois Statutes (1941,) and also the validity of the construction and application of a Federal statute, *viz*, section 6 of the Federal Employers' Liability Act (sec. 56, Title 45, U.S. C.A.) yet this court in said opinion did not pass upon any of the questions certified except to apply the limitation of two years fixed in the last-mentioned statute after deciding whether said cause had been commenced when it was filed in the city court of Granite City, Illinois.

We held the constitutionality of a statute, if certified by the trial judge, would give jurisdiction of a direct appeal, whether or not the case was decided upon that point, because determining the meaning of "commencing" an action does not involve a construction of the United States or Illinois constitutions or the validity of a Federal or State statute. We observed that section 6 of the Federal Employers' Liability Act required the plaintiff to commence an action within two years from the date of the injury; that the city court of Granite City had no jurisdiction of the cause for the reasons set forth in the opinion, and that, under Illinois law, commencing an action means starting it in a court that has the power to decide the matter involved, to issue process, to bring the parties to the particular cause before it and to render and enforce a judgment on the merits of said cause. We held that the city court of Granite City had no such power, and, consequently, from December 22, 1937, when the case was filed in the city court, until June 17, 1942, when it was purportedly transferred to the circuit court of Madison county, the action had never been commenced; that the order of transfer to the circuit court of Madison county did not have the effect of causing the time of commencement therein to relate back to the date of filing the cause in the city court; so, consequently, the action was never commenced under the law of Illinois within two years of the date of the injury to the plaintiff.

Such being our holding, the limitation fixed in section 6 of the Federal Employers' Liability Act was applied with a resulting effect that the judgment of the circuit court of Madison county dismissing the cause was affirmed.

The same facts exist in *Belcher* v. *Louisville & Nashville Railroad Co.* 384 Ill. 281, which case was reviewed by the Supreme Court of the United States, (No. 25, October term, 1944,) and in which our holding and decision in *Herb* v. *Pitcairn,* 384 Ill. 237, was adopted and followed.