**Steve Swiontek, Plaintiff-Appellant, v. Frank Greenstein, Defendant-Appellee.**

**Gen. No. 48,320.**

First District, Second Division.
December 5, 1961.

Marciniak and Jones, of Chicago (Thomas William Burke, of counsel), for appellant.

B. F. Martin, of Chicago (Frank Glazer, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court:

This is an appeal from a judgment dismissing plaintiff's personal injury action for the reason that it was not timely filed. The facts from which this action arose occurred on December 1, 1956, when plaintiff was allegedly struck by defendant's automobile in Cook County, Illinois. On November 28, 1958, plaintiff filed suit in the United States District Court for the Northern District of Illinois, basing jurisdiction on diversity of citizenship. Plaintiff was a citizen of Illinois and believed defendant to be a citizen of Wisconsin. The District Court sustained defendant's contention that he was a citizen of Illinois and on December 29, 1958, dismissed the suit for lack of jurisdiction.

The present suit was filed in the state court on December 28, 1959. Defendant moved to dismiss the complaint on the grounds that the two year statute of limitations tolled the cause of action on December 2, 1958, and that Sec 24(a), Ch 83, Ill Rev Stat 1959, is not applicable. Plaintiff relies on that statute for authority to extend the time for commencing a new action, and asserts that dismissal for want of jurisdiction is encompassed within the term nonsuit as used therein. The relevant portion of the statute reads:

". . . or, if the plaintiff has heretofore been nonsuited, or shall be nonsuited, then, if the time

limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff . . . may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

█ Plaintiff's complaint averred that the lawsuit filed in the District Court involved "the same parties herein and the same cause of action." Defendant's motion to dismiss did not challenge the identity of this and the former lawsuit, and the lower court did not consider this to be in issue. However, the defendant attempts to raise new matter in this appeal by asserting that the identity of the two causes of action must appear from the record. The motion to dismiss, having failed to raise the point of the identity of this and the former lawsuit, constituted a waiver of the issue and it is not available to the defendant in this appeal. Ill Rev Stat 1959, ch 110, §§ 42, 45. Clegg v. Gould, 314 Ill App 670, 42 NE2d 315.

The question of whether the term nonsuit in the Illinois statute includes a dismissal for want of jurisdiction was decided affirmatively in Sachs v. Ohio Nat. Life Ins. Co., 131 F2d 134, which reviewed the Illinois authorities, and the rationale of that case properly effectuates the legislative intent of giving the plaintiff an opportunity for a trial on the merits where he has suffered an involuntary dismissal. As stated in the Sachs case, at pages 136, 137:

"The Illinois authority as to whether the term (nonsuit) is used in section 24a in its strict common law sense, or is to be interpreted in a broader sense is rather scant. But such as exists implies clearly that the word was meant to apply not only to situations where plaintiff had been unable to prove his case or has neglected to proceed to trial of the issues, but to all involuntary judgments of

357

discontinuance or dismissal for want of proof or jurisdiction leaving the merits untouched. . . .

"The act is remedial, reflecting a legislative intent to protect the party who brings the action in good faith from complete loss of relief on the merits merely because of procedural defect. Such remedial statutes should be liberally construed, so as to prevent destruction of the purpose of the legislation (Citing cases). In both common law nonsuit and dismissal for want of jurisdiction the order is due to some defect in the procedure or proof which prevents a trial on the merits. The obvious purpose of the statute was to give a plaintiff an opportunity to try the merits and it is illogical to assume that the legislature meant to prevent hardship in the case of nonsuit, but not in that of dismissal for want of jurisdiction. The contrary is clearly intimated in the only pertinent decisions; and by them we are bound. It follows that, as plaintiffs had commenced their new action within a year after the first one had been dismissed for want of jurisdiction, they were not barred."

Accordingly, the present action was not barred by the statute of limitations since a dismissal for want of jurisdiction is within the meaning of the term nonsuit as used in Section 24(a), Ch 83, Ill Rev Stat 1959.

Since our consideration of this case, the Second District, First Division, has independently arrived at the same conclusion in a case presenting the identical issue of law. Lundstrom v. Winnebago Newspapers, Inc., Docket No. 11399, October 5, 1961.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

FRIEND, P. J. and BURKE, J., concur.