Larry Roth d/b/a Larry's Barbeque, Plaintiff-Appellant, v. Northern Assurance Company, Ltd., a Corporation; Continental Insurance Company, a New York Corporation; Pennsylvania Fire Insurance Company, a Pennsylvania Corporation; The Travelers Fire Insurance Company, a Connecticut Corporation; Minneapolis Fire and Marine Insurance Company, a Minnesota Corporation, Defendants-Appellees.

Gen. No. 48,999.

First District, Third Division.

February 6, 1964.

Rehearing denied February 27, 1964.

Nudelman and Brusslan, of Chicago (Avrum H. Dannen, of counsel), for appellant.

Clausen, Hirsh, Miller & Gorman, of Chicago (Fredric H. Stafford, of counsel), for appellees.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an action to recover for a fire loss sustained by the plaintiff at his place of business on September 1, 1953. On August 30, 1954 the plaintiff filed suit in the United States District Court for the Northern District of Illinois, Eastern Division, against all of the defendant insurance companies which had insured the premises. The amount of each of the policies was as follows:

Northern Assurance Company, Ltd. ...$1,500
Continental Insurance Company ..... 2,500
Pennsylvania Fire Insurance Company ............................ 2,000
The Travelers Fire Insurance Company ......................., 2,500
Minneapolis Fire and Marine Insurance Company .............. 1,500

The total amount of coverage was $10,000, and plaintiff sought to recover that amount in his suit in the United States District Court.

The defendants filed a motion to dismiss on the grounds that although the amount in controversy exceeded $3,000 (a jurisdictional requirement at that time) the amount claimed against each defendant was less than $3,000, and the plaintiff could not aggregate the total claim against all of the defendants.

The District Court sustained the motion of the defendants and that suit was dismissed in the District Court and notice of said order was served upon the plaintiff on January 31, 1955. Thereupon, the plaintiff instituted suit against the same defendants in the Circuit Court of Cook County on February 1, 1955, based upon the same claim. The defendants filed an answer on February 21, 1955 and as a defense to the action set up the following provision which appeared in each of the policies sued upon:

"SUIT. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all of the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss."

The plaintiff filed a reply setting forth the previous action in the United States District Court commenced within twelve months next after the inception of the loss, the motion of the defendants filed thereto, the order dismissing the case for lack of jurisdiction, which order was served upon the plaintiff on January 31, 1955, and the fact that this suit was filed in the Circuit Court of Cook County on February 1, 1955.

The plaintiff in his reply contended that under section 24(a), c 83 of the Ill Rev Stats 1955, having brought suit within one year after the dismissal order entered on January 28, 1955, he was entitled to maintain this suit.

On February 6, 1957, the defendants filed a motion for summary judgment on the ground that the plaintiff had not instituted his lawsuit within twelve months after inception of the loss, as provided for in the written contracts of insurance. This motion was denied by the then motion judge in the circuit court

255

and the case remained on the calendar until April 6, 1962, when it was assigned to the trial judge for trial. At that time the defendants filed a motion to vacate the order of the motion judge denying their motion for summary judgment, and requested the court to enter a summary judgment for the defendants on the same grounds as previously set forth in their motion. The trial judge vacated the order of the motion judge and entered judgment for the defendants.

The question raised here is whether a plaintiff who has filed a suit to recover on fire insurance policies, within the limitation period provided for in the policies, and whose suit has been dismissed for want of jurisdiction after the limitation period had expired, may file a new action within one year after such dismissal under section 24 of the Limitations Act (c 83, § 24(a), Ill Rev Stats 1955).

The plaintiff, in support of his contention, cited the case of Sachs v. Ohio Nat. Life Ins. Co., 131 F2d 134, which involved sec 24 of the Illinois Limitations Act. The court on page 137 said:

"In both common law nonsuit and dismissal for want of jurisdiction, the order is due to some defect in the procedure or proof which prevents a trial on the merits. The obvious purpose of the statute was to give a plaintiff an opportunity to try the merits and it is illogical to assume that the legislature meant to prevent hardship in the case of a nonsuit, but not in that of dismissal for want of jurisdiction. The contrary is clearly intimated in the only pertinent decisions; and by them we are bound. It follows that, as plaintiffs had commenced their new action within a year after the first one had been dismissed for want of jurisdiction, they were not barred."

In the case of Swiontek v. Greenstein, 33 Ill App2d 355, 179 NE2d 427, the court held that a dismissal for want of jurisdiction is within the meaning of the word nonsuit as used in section 24(a), c 83, Ill Rev Stats 1959, and cited in support of that decision the case of Sachs v. Ohio Nat. Life Ins. Co., 131 F2d 134.

The two foregoing cases are very forceful, but we are confronted with the case of Herb v. Pitcairn, 384 Ill 237, 51 NE2d 277. In that case the plaintiff appealed from a judgment of the circuit court of Madison county sustaining the defendants' motion to dismiss and entering final judgment of dismissal in favor of defendants.

The plaintiff was an employee of the receivers of the Wabash Railway Company, and commenced an action in the city court of Granite City, Illinois, on December 22, 1937, against the defendants stating a cause of action under the Federal Employers' Liability Act for injuries claimed to have been sustained in the city of Decatur, Illinois, November 23, 1936. The case was tried in the city court in October, 1938, and resulted in a verdict in favor of the plaintiff, which was set aside upon a motion by the defendants for judgment notwithstanding the verdict.

The plaintiff appealed to the Appellate Court, which reversed and remanded, and that action was affirmed in the Supreme Court in Herb v. Pitcairn, 377 Ill 405, 36 NE2d 555. Before that case was again tried, the cases of Werner v. Illinois Cent. R. Co., 379 Ill 559, 42 NE2d 82, and Mitchell v. Louisville & N. R. Co., 379 Ill 522, 42 NE2d 86, were decided by the Supreme Court, which held and determined that the city courts in Illinois were without jurisdiction to hear and determine the subject matter of any action, the cause of which arose outside of the territorial limits of the city court in which the action was pending. After

257

these decisions the plaintiff filed a motion in the city court of Granite City for a change of venue to the circuit court of Madison county, under the provisions of the statute purporting to authorize a change of venue of a suit commenced in the wrong court or county to the proper court or county, as in cases of change of venue. (Ill Rev Stats 1941, c 146, § 36.) The motion was allowed by the city court and the venue ordered changed to the circuit court of Madison county, and a certified copy of all the pleadings, papers and orders in the city court of Granite City were duly filed in the circuit court of Madison county.

On August 21, 1942, the defendants filed their motion to dismiss the plaintiff's cause for the following reasons: That since the city court of Granite City had no jurisdiction of the case because it appeared the cause of action accrued outside of the territorial limits of Granite City (1) all orders entered, and all proceedings had in the city court of Granite City, including the order changing the venue thereof, were void and of no effect; (2) that the statute authorizing a city court to change the venue of an action of which it has no jurisdiction to a court having jurisdiction is contrary to section 1 of article VI of the constitution, and therefore void; and (3) said cause having been transferred on change of venue on July 17, 1942, more than two years after the date of the injury, November 23, 1936, the plaintiff could not maintain his action because it had not been commenced within two years from the date of his injury in a court having jurisdiction to hear and determine the same. The circuit court of Madison county sustained the motion and dismissed the plaintiff's suit.

After the entry of the judgment the judge of the circuit court signed a certificate that there was involved in the said final order and judgment the construction of the constitutions of the State of Illinois

258

and of the United States, and the validity of a statute, and also the validity, construction and application of a federal statute, viz., section 6 of the Federal Employers' Liability Act as amended. Section 56, Title 45, USCA 1941.

The court in that case (Herb v. Pitcairn, 384 Ill 237, 51 NE2d 277) on page 240 said the following:

"The material point for consideration is whether the plaintiff has commenced an action within two years of the date of his injury in a court having jurisdiction to hear and determine the same, as required by section 6 of the Federal Employers' Liability Act, by transferring the cause from a court having no jurisdiction over it at a date which, if then originally filed in the latter court, could not be maintained because not filed within the statutory time. The question involved relates to the effect of the proceedings had in a court wholly incompetent to render a valid judgment, because if the judgment to be rendered would be void it necessarily follows the preliminary proceedings of the court, necessary to rendition of judgment, must likewise be void. If the court has no jurisdiction of the subject matter for judgment there can be no jurisdiction giving effect to process or pleadings. If judgment had been entered in the city court it would have been absolutely void. (Werner v. Illinois Cent. R. Co. 379 Ill 559; Mitchell v. Louisville & N. R. Co. 379 Ill 522.) The act of a tribunal beyond its jurisdiction is null and void whether without its territorial jurisdiction or beyond its powers. (Welton v. Hamilton, 344 Ill 82.) A judgment void upon its face and requiring only an inspection of the record to demonstrate its invalidity is a mere nullity, in legal effect no judgment at all, conferring no right and affording no justification. (Voorhees

v. Bank of United States, 10 Pet 475, 9 L Ed 501.) Nothing can be acquired or lost by it; it neither bestows nor extinguishes any right. (Johnson v. Carroll, 190 Ky 689, 228 SW 412; Abernathy v. Missouri P. Ry. Co. 287 Mo 30, 228 SW 486.) It can be attacked at any time, even in the first instant on appeal. (Campbell v. Porter, 162 US 478, 40 L Ed 1944; Perez v. Fernandez, 202 US 80, 50 L Ed 1942.) And it may not be validated either by waiver or consent. (Windsor v. McVeigh, 93 US 274, 23 L Ed 914.) Where there is a want of authority over the subject matter the judgment is open to successful impeachment, if such fact is made to appear from the face of the record or by matters dehors, where extraneous evidence is receivable for the purpose. Armstrong v. Obucino, 300 Ill 140; Rabbitt v. Weber & Co. 297 Ill 491."

And again on page 242 the court said:

"Applying now these principles to the facts before us we observe recovery under the Federal Employers' Liability Act is conditioned upon two things: (1) commencing an action within two years from the date of the injury; and (2) commencing such action in a court having jurisdiction to hear and determine the same. It has been held by the Federal authorities that section 6 of the Federal Employers' Liability Act is not a statute of limitations pertaining to the remedy, but is a condition of liability constituting a substantial part of the right created. (Central Vermont Ry. Co. v. White, 238 US 507, 59 L Ed 1433; Phillips v. Grand Trunk Ry. Co. 236 US 662, 59 L Ed 774; Bell v. Wabash Ry. Co. 58 F2d 569; Atlantic Coast Line Ry. Co. v. Burnette, 239 US 199, 60 L Ed 226.) The plaintiff having predicated his

260

case upon the Federal Employers' Liability Act must comply with its provisions, both with respect to the time of commencing the suit and of bringing it in a court having jurisdiction to hear and determine it."

The court concluded by stating that in that case jurisdiction of the suit was wholly lacking until July 31, 1942, and at that time the condition imposed upon the plaintiff with respect to bringing his suit had expired by lapse of time.

This case was taken by the Supreme Court of the United States on certiorari to the Supreme Court of Illinois.

The United States Supreme Court in Herb v. Pitcairn, 324 US 117, reviewed the decision of the Supreme Court of Illinois. In that case the United States Supreme Court requested counsel for the petitioners to apply to the Supreme Court of Illinois for amendment or certificate which would show whether it intended to rest the judgments herein on an adequate and independent state ground or whether decision of the federal question was necessary to the judgment rendered.

The Supreme Court of Illinois in the case of Herb v. Pitcairn, 392 Ill 151, 64 NE2d 318, under the heading "Announcement made March 21, 1945" in explaining its decision said on page 152:

"We observed that section 6 of the Federal Employers' Liability Act required the plaintiff to commence an action within two years from the date of injury; that the city court of Granite City had no jurisdiction of the cause for the reasons set forth in the opinion, and that, *under Illinois law,* commencing an action means starting it in a court that has the power to decide the matter involved, to issue process, to bring the parties to

261

the particular cause before it and to render and enforce a judgment on the merits of said cause. We held that the city court of Granite City had no such power, and consequently, from December 22, 1937, when the case was filed in the city court, until June 17, 1942, when it was purportedly transferred to the circuit court of Madison county, the action had never been commenced; that the order of transfer to the circuit court of Madison county did not have the effect of causing the time of commencement therein to relate back to the date of filing the cause in the city court; so, consequently, the action was never commenced under the law of Illinois within two years of the date of the injury to the plaintiff." (Emphasis ours.)

The Supreme Court in its Announcement clearly states what the Illinois law is as pertains to the commencing of an action.

The United States Supreme Court rendered another opinion in the same case in 325 US 77. The United States Supreme Court, after quoting from the Announcement of the Supreme Court of Illinois, stated that it was unable to agree to an interpretation of the federal statute by which a case is not commenced for its purposes unless instituted in a court with power to proceed to final judgment. It further stated on page 78:

"An action is 'commenced' for these purposes as a matter of *federal law* when instituted by service of process issued out of a state court, even if one which itself is unable to proceed to judgment, if the state law or practice directs or permits the transfer through change of venue or otherwise to a court which does have jurisdiction to hear, try, and otherwise determine that cause. Whether the action would be barred if state law

262

made new or supplemental process necessary is a question not involved here and not decided. Clearly, however, when process has been adequate to bring in the parties and to start the case on a course of judicial handling which may lead to final judgment without issuance of new initial process, it is enough to commence the action within the federal statute." (Emphasis ours.)

The instant case, of course, does not involve the venue act or federal law.

The provision of the policy fixing the limitation within which a suit or action may be brought provides that none shall be brought ". . . unless *commenced* within twelve months next after the inception of the loss."

By applying the Illinois law as enunciated by our Supreme Court in its Announcement made on March 21, 1945, in the case of Herb v. Pitcairn, 392 Ill 151, 64 NE2d 318, the proceeding which was filed in the United States District Court, which lacked jurisdiction, did not constitute a commencement of a suit or action within the period of limitation set forth in the policies of insurance. The instant suit filed in the circuit court, likewise, was not filed or commenced within twelve months next after the inception of the loss.

The Supreme Court of Illinois, after the second decision in the Herb case by the Supreme Court of the United States, wrote a second opinion found in 392 Ill 138, 64 NE2d 519, in which it said on page 150:

"The Supreme Court of the United States has construed the language 'commencing,' and 'court having jurisdiction to hear the same,' occurring in the Employers' Liability Act, differently than we did in the Herb case, so that little remains that would be pertinent to the points discussed in this appeal."

263

The Supreme Court of Illinois, to our knowledge, has not departed from its position as to Illinois law set forth in its Announcement made on March 21, 1945. It merely reversed its position based upon federal law as set forth by the United States Supreme Court in the case of Herb v. Pitcairn, 325 US 77.

Chap 83, section 24(a), Ill Rev Stats 1955, insofar as it pertains to this proceeding, is as follows:

> "Section 24(a). Plaintiff may file new action within year, when.] Sec 24. In any of the actions specified in any of the sections of this act, . . . if the plaintiff be nonsuited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff . . . may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

Section 12 of the Limitations Act (c 83, § 13, Ill Rev Stats 1955) is as follows:

> "Section 13. Personal Actions.] The following actions can only be *commenced* within the periods hereinafter prescribed, *except when a different limitation is prescribed by statute.*" (Emphasis ours.)

Section 16 of the Limitations Act (c 83, § 17, Ill Rev Stats 1955), insofar as pertinent to the issues in this case, is as follows:

> "Sec 17. On Writings—New Contract.]

> "Sec 16. Actions on bonds, promissory notes, bills of exchange, written leases, *written contracts,* or other evidences of indebtedness in writing, shall

264

be commenced within ten years next after the cause of action accrued; . . . ." (Emphasis ours.)

The plaintiff contends that since the action here is based upon written contracts it comes within the provisions of section 16 of the Limitations Act, and since it is specified in section 16 it comes within the purview of section 24 of the Limitations Act, which provides in substance that in any of the actions specified in any of the sections of this act if plaintiff be nonsuited then if the time limited for bringing such action shall have expired during the pendency of such suit, the plaintiff may commence a new action within one year after such judgment reversed or given against the plaintiff. While the plaintiff contends that the present action under insurance policies comes within the purview of section 16 of the Limitations Act, he concedes that the limitation in the policies of insurance changed the time within which to commence action from ten years to one year.

The defendants contend that the suit on the policies of insurance does not come within the provisions of section 16 and that this action is not within the classes of cases specified in the Limitations Act.

Assuming that the instant case does come within the provisions of section 16 of the Limitations Act, except as to the time within which to bring the suit, nevertheless, since we have decided that the proceeding in the United States District Court, which lacked jurisdiction of the subject matter, was a nullity, and that under Illinois law no action was "commenced," as is required by both sections 12 and 16 of the Limitations Act, within the one-year period, section 24 of the Limitations Act could not be employed by the plaintiff to give life to the suit filed in the Circuit Court after the expiration of the limitation period in the policies.

265

The instant case was not filed in the Circuit Court within one year after the loss occurred, as required by the policies.

The plaintiff has raised other points, but in view of our decision we feel it is unnecessary to discuss them.

Judgment affirmed.

SCHWARTZ, P. J. and DEMPSEY, J., concur.