**Ray G. OSMAN, Plaintiff,**

v.

**Charles R. DRASKOVICH and American Mutual Liability Insurance Company, Defendants.**

**No. 69-C-448.**

United States District Court,
E. D. Wisconsin.

July 8, 1970.

Habush, Gillick, Habush, Davis & Murphy, by James J. Murphy, Milwaukee, Wis., for plaintiff; Marshall I. Teichner, Edwin A. Strugala, Chicago, Ill., of counsel.

Wickham, Borgelt, Skogstad & Powell, by Phillip E. Crump, Milwaukee, Wis., for defendants.

### DECISION AND ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss this action for personal injuries, alleging that it is barred by the statute of limitations.

The action arises out of a collision that occurred on November 6, 1965, in Delafield, Wisconsin. The plaintiff is a citizen of Illinois and the defendant Charles R. Draskovich is a citizen of Wisconsin. The parties have stipulated to certain facts which are helpful in establishing the action's somewhat involved chronology:

"7. [on] the 12th day of November, 1965, Attorney Marshall I. Teichner sent a letter and 'Notice of Attorney's Lien' to Charles R. Draskovich * * * American Mutual Liability Insurance Company (Draskovich's insurer) sent an acknowledgment letter dated February 9, 1966 to Mr. Teichner * * *.

"8. [on] the 18th day of August, 1967, an action was filed in the Cook County Circuit Court, wherein Ray Gene Osman was named plaintiff and Charles Draskovich, Jr. was named defendant, Case #67-L-12488 * * *.

"9. Neither said 'Alias Summons' (issued out of the Cook County Circuit Court) nor Complaint nor any other process or notice were served on Charles Draskovich, American Mutual Liability Insurance Company or anyone on their behalf until June 13, 1969, except as noted in paragraph 7 above.

"10. [on] June 13, 1969, Attorney Marshall I. Teichner caused an 'Alias Summons' and Complaint to be served upon the Secretary of State, State of Illinois as the purported 'true and lawful attorney' of Charles R. Draskovich and paid a fee of $2.00.

"11. [on] June 23, 1969, a notice and affidavit * * * were mailed to Charles R. Draskovich along with copies of the 'Alias Summons' and Complaint.

*    *    *    *    *    *

"13. [on] August 7, 1969, a 'Special and Limited Appearance' was made in [the] Cook County Circuit Court action on behalf of Charles R. Draskovich for the purpose of objecting to jurisdiction and moving to quash the service of summons * *.

"14. [on] August 19, 1969, an order was entered in said action quashing service of process and said action was dismissed without prejudice for lack of jurisdiction * * *."

The action was then filed in the U. S. district court for the northern district of Illinois on August 26, 1969, and was transferred to this court on September 9, 1969. Summons was issued out of this court on October 9, 1969, and Draskovich was served for the first time on October 14, 1969, and American Mutual Liability Insurance Company was first served on October 17, 1969.

The total lack of personal jurisdiction of the Cook County circuit court over Draskovich, a Wisconsin resident whose alleged acts of negligence occurred in Wisconsin, is apparent. Indeed, that court, in dismissing the action, recognized this fact, notwithstanding the plaintiff's service of the Illinois secretary of state and his erroneous allega-tion that the accident had occurred in Illinois. Thus, the plaintiff's Illinois suit was a nullity, an action completely void for want of jurisdiction.

In spite of this fact, the plaintiff argues that the filing of his action in the Cook County circuit court tolled the running of either the two-year Illinois or the three-year Wisconsin statute of limitations and that Ill.Rev.Stat., Ch. 83, § 24a, "saved" his action beyond its dismissal to the point at which it was filed in the U. S. district court for the northern district of Illinois. Section 24a provides:

"Commencement of new action upon reversal or nonsuit.

"In the actions specified in this Act or any other act or contract where the time for commencing an action is limited, if judgment is given for the plaintiff but reversed on appeal; or if there is a verdict for the plaintiff and, upon matter alleged in arrest of judgment, the judgment is given against the plaintiff; or if the plaintiff is nonsuited, or the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff, his heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or given against the plaintiff, or after the plaintiff is nonsuited or the action is dismissed for want of prosecution."

This statute is what has been called a "renewal" or "saving" statute under which a suit may be reinstated if it has been disposed of on a ground not affecting the merits. "Nonsuited" in the statute has been held to apply to actions that have been dismissed for lack of jurisdiction. Sachs v. Ohio National Life Insurance Co., 131 F.2d 134 (7th Cir. 1942); Roth v. Northern Assurance Co., 32 Ill.2d 40, 203 N.E.2d 415 (1964). However, in both *Sachs* and *Roth,* the actions that were "saved" had been dis-

missed in courts where, had a decision been rendered on the merits, the judgment would not have been subject to collateral attack.

In the present action, the Cook County circuit court was completely without jurisdiction over the person of the defendant, Draskovich. Service upon the Illinois secretary of state could in no way confer such jurisdiction. As such, the case is much like Smalley v. Hutcheon, 296 N.Y. 68, 70 N.E.2d 161 (1946), where, following the dismissal of their action brought in an Illinois state court against the administrator of the estate of the person with whom they had collided in Illinois, the plaintiffs sued again in a New York court. The Illinois statute of limitations had expired, and Illinois law precluded service upon an administrator acting under letters issued in a foreign state. In holding that an earlier version of § 24a did not "save" the plaintiffs' original Illinois action, the New York court said:

> "May this abortive action nevertheless be said to have extended the period of limitation within which the suit now pending in this State could be commenced? The answer depends upon whether the action in Illinois was commenced and was 'pending' within the meaning of section 24a * * *. There was no power to bring the administrator before the court nor could he by voluntary appearance subject himself to the jurisdiction of the court * * *. The court lacked jurisdiction not only of plaintiffs' claim but of defendant's person as well, and the statutory process directed against the individual operator was not available against the administrator.

> "It follows that the plaintiffs' procedure, in filing their complaint against a foreign administrator, issuing process thereon to the Secretary of State and mailing copies there-

of to the defendant, was without any legal sanction whatever. In a word, the attempt to commence the action was illegal. No action was commenced and none was pending against the defendant within the time limited by statute. What was done had no force, no effect and authorized nothing."

Because the plaintiff's Cook County circuit court action was blatantly nugatory and without any legal effect, there was nothing for § 24a to "save" at the time at which the action was filed in the U. S. district court for the northern district of Illinois. While *Roth* and other Illinois cases have stated that § 24a is to be liberally construed, and while the defendants indicate that implicit in § 24a is a requirement of "good faith", Chavez v. Elgin, Joliet & Eastern Ry. Co., 78 Ill.App.2d 53, 223 N.E.2d 220 (1966), such considerations do not alter the fact that reliance on § 24a presupposes a certain minimum validity in the original action upon which the statute is to act. Service upon the secretary of state was bottomed upon the admittedly erroneous claim that the collision had taken place in Illinois. It is now stipulated that the collision occurred in Wisconsin.

The foregoing is dispositive of the defendants' motion, and thus, only passing reference need be made to their argument that the plaintiff failed to exercise diligence in attempting service of process. It is possible that a 13 months' delay in attempted service of summons, without more, may violate the Illinois supreme court's "diligence rule" [Ill.Rev. Stat. Ch. 110A, § 103(b)], as the defendants urge; however, the parties have stipulated that Draskovich was sent a "Notice of Attorney's Lien" six days after the accident—a notice to which Draskovich's insurer responded.

Therefore, it is ordered that the defendants' motion to dismiss the above action be and hereby is granted.